**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000060
18-JUN-2026
07:54 AM
Dkt. 65 MO

NO. CAAP-24-0000060


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EWA VILLAGES OWNERS ASSOCIATION, by its Board of Directors,
Plaintiff/Counterclaim Defendant-Appellee,
v.
ROPATI JAMES TAUTUA and EMMA TUASIVI TAUTUA,
Defendants/Counterclaimants/Cross-claim Defendants-Appellants,
and NATIONSTAR MORTGAGE LLC,
Defendant/Cross-claim Defendant-Appellee, and
ARROW FINANCIAL SERVICES, INC., Defendant-Appellee, and
CITY AND COUNTY OF HONOLULU,
Defendant/Counterclaimant/Cross-claimant-Appellee, and
JOHN DOES 1-10; JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0001499)


MEMORANDUM OPINION
(By: Leonard, Presiding Judge, McCullen and Guidry, JJ.)

Defendants/Counterclaimants/Cross-claim Defendants-

Appellants Ropati James Tautua and Emma Tuasivi Tautua

(together, **the Tautuas**) appeal from the Circuit Court of the

First Circuit's December 28, 2023 "Order Granting [Plaintiff/

Counterclaim Defendant-Appellee Ewa Villages Owners

**Association**]'s Motion for an Order Confirming Foreclosure Sale,

Approving Commissioner's Report, Allowance of Commissioner's and

Attorneys' Fees and Costs, Distribution of Proceeds, Directing

Conveyance, for Writ of Ejectment, and for Deficiency Judgment,

Filed August 16, 2023" (**Order Confirming Foreclosure Sale**) and

Judgment.[1]  (Formatting altered.)

On appeal, the Tautuas challenge the confirmation of

the foreclosure sale and the award of attorneys' fees and costs.

We affirm.

## I.    BACKGROUND

**A.    Factual Background**

The background in this case has a long history.  Ewa

Villages is a master-planned residential community located in

ʻEwa Beach, Oʻahu, Hawaiʻi.  The **City** and County of Honolulu

developed Ewa Villages and created the Shared Appreciation or

Equity Program (**SAE Program**) to provide "safe, sanitary and

reasonably priced housing" to Hawaiʻi residents.

Under the SAE Program, prospective homebuyers would

purchase property in Ewa Villages for roughly seventy-five

percent of the original fair market value.[2]  In exchange,

---

[1]  The Honorable Jeannette H. Castagnetti presided.

[2]  The Hawaiʻi Supreme Court considered a similar SAE lien in American Savings Bank, F.S.B. v. Chan, 146 Hawaiʻi 94, 103, 456 P.3d 167, 176 (2020).

homebuyers agreed to pay the City a twenty-five percent share of the net appreciation of the property should they "be divested of title or any interest in the [p]roperty, in any manner, voluntarily or involuntarily, including a judicial or nonjudicial foreclosure sale."

In 1996, as part of the SAE Program, the Tautuas purchased a home on Tenney Street (**the Property**) for $185,900.00 — roughly seventy-five percent of the Property's original fair market value of $247,000.00.[3]

In 2000, the Tautuas submitted an application to the Association's Design Review **Committee** to construct a six-foot-high chain link and concrete block (otherwise referred to as a concrete masonry unit or CMU) wall around the Property.  The Committee denied the Tautuas' application for failing to comport with the Association's **Design Standards** and Declaration of Covenants, Conditions, and Restrictions (**DCCR**).  The Committee explained that there was "no grade difference with adjacent properties requiring a retaining wall" and such a wall would "interfere with proper storm water drainage."

In 2007, the Tautuas executed a $408,000.00 adjustable-rate note secured by a mortgage on the Property with

---

[3]  The deed was recorded on June 7, 1996.

Defendant/Cross-claim Defendant-Appellee **Nationstar** Mortgage LLC, formerly known as Fremont Investment & Loan.[4]

Sometime before February 2009, the Tautuas constructed the wall. Between 2009 and 2013, the Association sent the Tautuas nineteen violation notices regarding the wall, thirteen of which informed the Tautuas that they were being assessed a $200.00 fine. As of April 2015, the Association had fined the Tautuas $2,600.00 for violating the Design Standards and DCCR, all of which went unpaid.

**B.     Procedural Background**

      **1.     Wall Violation Complaint**

In 2015, the Association filed a complaint seeking an order compelling the Tautuas to bring the wall into compliance with the Design Standards and DCCR and to pay the $2,600.00 in unpaid fines.[5] The circuit court ordered the Tautuas to remove all non-compliant portions of the wall, but should they fail to do so, the circuit court authorized the Association to enter the Property and remove all non-compliant portions of the wall at the Tautuas' expense. The circuit court further entered a $2,600.00 judgment against the Tautuas, representing the unpaid

---

[4]  The mortgage was recorded on January 16, 2007. The Tautuas were current with their mortgage payments through June 2023.

[5]  The Honorable Karen T. Nakasone presided over the wall violation complaint proceedings.

fines owed to the Association, and awarded the Association $8,256.91 in reasonable attorneys' fees and $729.40 in costs (**2015 Judgment**).[6]  Ultimately, the Tautuas paid the $2,600.00 judgment and attorneys' fees and costs.

But the Tautuas did not remove the non-compliant portions of the wall.  Pursuant to the 2015 Judgment, the Association paid a contractor $7,853.40 to bring the wall into compliance, with work beginning in mid-July 2020.  The Tautuas failed to reimburse the Association for the contractor costs.

### 2. Foreclosure Complaint and Appeal

In November 2020, the Association filed the underlying foreclosure action to recover $18,949.96 in "outstanding association dues, late fees, repair reimbursement, attorneys' fees and costs, and other assessments," as well as additional dues and fees being assessed until the delinquency was satisfied.

The Association moved for summary judgment and an interlocutory decree of foreclosure, arguing the Tautuas' delinquency constituted a lien on which the Association could

---

[6]  The 2015 Judgment total was thus $11,586.31 = $2,600.00 + $8,256.91 + $729.40.

foreclose pursuant to Hawaiʻi Revised Statutes (**HRS**) § 421J-10.5 (Supp. 2014) and HRS § 667-1.5 (2016).[7]

The circuit court granted the Association's motion, determining that the amounts owed "constitute a valid lien on the Property that may be foreclosed by" the Association pursuant to HRS § 421J-10.5, and the proceeds of the foreclosure sale could be applied to the amounts due.  It instructed the Association to provide the Tautuas "with a payoff amount so that they may know what amount would be needed to be paid in order to close this case."  The circuit court appointed CJ Paet as commissioner (**Commissioner Paet**).

---

[7]  HRS § 421J-10.5 provides in pertinent part:

> **§421J-10.5  Association fiscal matters; lien for assessments.**  (a) All sums assessed by the association, but unpaid for the share of the assessments chargeable to any unit, shall constitute a lien on the unit. . . .
>
> The lien of the association may be foreclosed by action or by nonjudicial or power of sale foreclosure procedures set forth in chapter 667, by the managing agent or board, acting on behalf of the association and in the name of the association[.]

HRS § 667-1.5 provides in pertinent part:

> **§667-1.5  Foreclosure by action.**  The circuit court may assess the amount due upon a mortgage, whether of real or personal property, without the intervention of a jury, and shall render judgment for the amount awarded, and the foreclosure of the mortgage.  Execution may be issued on the judgment, as ordered by the court.

"'Mortgage' means a mortgage, security agreement, or other document under which property is mortgaged, encumbered, pledged, or otherwise rendered subject to a lien for the purpose of securing the payment of money or the performance of an obligation."  HRS § 667-1 (2016).

The Tautuas appealed; this court affirmed the circuit court's foreclosure decree and foreclosure judgment in CAAP-22-0000051.  Ewa Vills. Owners Ass'n v. Tautua, 155 Hawaiʻi 471, 566 P.3d 375, No. CAAP-22-0000051, 2025 WL 947852, at *4 (App. Mar. 28, 2025) (SDO).

### 3.    Confirmation of Sale and Appeal

Meanwhile, in December 2022, the Association moved the circuit court for an order allowing the sale of the Property without holding open houses, as the Tautuas refused to allow any open house.  The circuit court granted the motion.

After advertising the auction three times in the Honolulu Star-Advertiser, Commissioner Paet received approximately thirty-two inquiries.  Then, in May 2023, Commissioner Paet sold the Property to the Association, the sole bidder, for $1.00.  Commissioner Paet prepared and filed a report (**Commissioner's Report**) and included the fact sheet (**Fact Sheet**) regarding the Property.

The Fact Sheet indicated the Tautuas owed $11,955.14 to the Association as of February 1, 2019, and the Property would be sold subject to Nationstar's mortgage interest and the City's SAE lien.  But, neither the Commissioner's Report nor the Fact Sheet indicated the value of the senior liens held by Nationstar and the City.  The Fact Sheet indicated the Property's assessed value for the 2023 tax year was $808,900.00.

The Commissioner's Report stated the "bid price of $1.00 for the subject property [was] fair and reasonable and recommend[ed] that the Court confirm the sale."

In August 2023, the Association moved the circuit court for an order confirming the foreclosure sale, which the Tautuas opposed as "the amount of $1.00 [was] not fair and reasonable" and the "Association [had] not shown the amounts owed to Nationstar Mortgage LLC or the City & County of Honolulu." In the Tautuas' opposition, they acknowledged the mortgage "amount presently owed is in the mid $300,000.00s."

At a September 2023 hearing, the circuit court ordered supplemental briefing on the Property's appraised value and the senior lien values and continued the hearing to November 2023.

The Association's supplemental brief included three attachments, the last of which was an appraisal report (**Appraisal Report**) for the Property. According to the Appraisal Report, the "[m]arket value assuming conventional sale" of the Property was between $790,000.00 and $810,000.00.[8] As to the senior liens on the Property, the Tautuas owed $362,398.02 on

---

[8] The appraisers "were not able to inspect the interiors or confirm the condition of the property," and instead viewed it from Tenney Street. "The market value estimate assumes the property is in average condition for the neighborhood, with no recent renovations, upgrades, or deferred maintenance."

8

the mortgage, and the City's SAE lien was approximately $190,635.02.[9]  The two senior liens thus totaled $553,033.04.

The Appraisal Report asserted that the "effective purchase price of $553,001 [was] fair and reasonable," given (1) the substantial liens against the Property; (2) the "costs to rehabilitate the property if the homeowners fail[ed] to maintain the property during this time"; (3) the "potential for future litigation, eviction costs, attorneys' fees, [and] a drawn-out closing"; (4) the lack of interested bidders; and (5) the Property's foreclosure value.

The Tautuas opposed the Association's supplemental brief and again asked the circuit court "to determine whether the bid price [was] so grossly inadequate as to shock the conscience" and to reject the Association's $1.00 bid.

Because at least one bidder was interested in reopening the auction, the circuit court reopened bidding. Commissioner Paet reported the Association entered a new winning bid of $15,000.00.  After considering arguments, the circuit court confirmed with Commissioner Paet that the new bid of $15,000.00 was appropriate under the circumstances of this

---

[9]  The City determined its SAE lien based on the real property assessed value as of September 30, 2023.  The City explained it was "hoping for an amicable resolution of this matter, so a Property appraisal was not obtained."

case.[10]  Considering the senior liens on the Property, the circuit court determined the "winning price or bid price to the Association is not so grossly inadequate as to shock the conscience under these facts and circumstances."

On December 28, 2023, the circuit court entered its Order Confirming Foreclosure Sale, which, as relevant to this appeal, found and concluded:

> 3.     Bidding was reopened at the hearing on the Motion, held on November 2, 2023.  The winning bidder at the reopened Commissioner's public sale was [the Association] for the sum of FIFTEEN THOUSAND AND NO/100 DOLLARS ($15,000.00).  The Court confirmed with the Commissioner that the sale was legally made, fairly conducted, and achieved a fair and reasonable price under the circumstances.
>
> . . . .
>
> 6.     Pursuant to the Motion, as of August 9, 2023, the amount owed by [the Tautuas] to [the Association], excluding attorneys' fees and costs, but including the Commissioner's fees and costs, was as follows:
>
> | | |
> |---|---|
> | Late Fees: | $185.00 |
> | Reimbursable Repairs: | $6,569.14 |
> | Commissioner's Fees & Costs: | $4,744.07 |
> | Total: | $11,498.21 |
>
> . . . .

___

[10]  The circuit court also cautioned the parties that Hawaiʻi's appellate courts may not look favorably upon such an atypical foreclosure case in which the homeowners had not defaulted on their mortgage:

> But I think what -- on the Association's side, as far as what you need to consider is that whatever the outcome is on the motion, this could be an appealable case up to the higher courts and how they would view a case involving not a homeowner who is delinquent in their monthly assessments, but a homeowner who admittedly built something that was nonconforming, the Association had to take care of it, but they are current on their mortgage, and is this something where the Association should be foreclosing on, or is this something where the Association should just get a personal monetary judgment against somebody like that. I'm not saying one way or the other.

> 8.      [The Association]'s request for reasonable
> legal fees and costs of $67,280.34 is granted.[11]

The circuit court then confirmed the sale and awarded attorneys'

fees and costs:

> 2.      The sale of the Property to [the Association],
> at the sale price of FIFTEEN THOUSAND AND NO/DOLLARS
> ($15,000.00), is hereby ratified, approved, and confirmed.
> Such sale is "AS IS" and shall be without warranties.
>
> . . . .
>
> 4.      [The Association]'s Attorneys' Fees and Costs
> in the amount of $67,280.34 are reasonable.

That same day, the circuit court entered its

December 28, 2023 Judgment.  The Tautuas appealed.

## II.  DISCUSSION

On appeal, the Tautuas contend the circuit court erred

by (1) confirming the foreclosure sale because the bid price

shocks the conscience and (2) awarding attorneys' fees because

the amount was unreasonable.[12]

---

[11]  Regarding the circuit court's calculations as to the total amount owed by the Tautuas, it appears the circuit court reduced the amount for late fees to $185.00 from the $195.00 requested in the Association's motion to confirm the foreclosure sale.  Further, as to the amount for reimbursable repairs, it appears the circuit court adopted the $6,569.14 figure from the Association's motion to confirm the foreclosure sale, rather than the $7,853.40 figure from the contractor's invoice.

[12]  The Tautuas also contend that "the record is incomplete here, because there is no admissible evidence of what was owed under the mortgage, and whether the Association assumed the mortgage . . . and because the City could not state the amount they were owed."  However, the Tautuas do not explain why the evidence they refer to was not admissible.  Thus, we deem this argument waived.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").

A.    Circuit Court Did Not Abuse Its Discretion by Confirming
       the Foreclosure Sale

The Tautuas challenge the foreclosure sale amount of $15,000.00 as shocking the conscience.

"The lower court's authority to confirm a judicial sale is a matter of equitable discretion." Hoge v. Kane, 4 Haw. App. 533, 540, 670 P.2d 36, 40 (App. 1983). "In exercising its discretion, the court should act in the interest of fairness and prudence and with just regard for the rights of all concerned and the stability of judicial sales." Id. (citing Kleeb v. Kleeb, 316 N.W.2d 583, 586 (Neb. 1982)). "If the highest bid is so grossly inadequate as to shock the conscience, the court should refuse to confirm." Id. (citing Wodehouse v. Hawaiian Tr. Co., 32 Haw. 835, 852 (Haw. Terr. 1933)).

Here, the Tautuas did not comply with the circuit court's 2015 Judgment. In October 2015, the circuit court ordered the Tautuas to remove all non-compliant portions of the wall within fourteen days. The Tautuas did not. As a result, the Association paid a contractor to remove the non-compliant portions of the wall in 2020, about five years later. According to the 2015 Judgment, the Tautuas were to reimburse the Association for the contractor costs. The Tautuas did not.

Thus, as found by the circuit court at the time of the foreclosure sale confirmation, the Tautuas owed the Association

$11,498.21 for bringing the wall into compliance, Commissioner Paet's fees and costs, and late fees.

Although there were many inquiries prior to the first bidding, the Association was the only bidder. After reopening the bidding, the Association was the top bidder at $15,000.00. And the Tautuas do not allege in their opening brief any mismanagement by Commissioner Paet that adversely affected the auction sales price.

The sales price ($15,000.00) was subject to the mortgage balance ($362,398.02) and the SAE lien ($190,635.02), which all together totaled $568,033.04. Although evidence was admitted that the market value of the Property (assuming a conventional sale) was between $790,000.00 and $810,000.00, and that the 2023 tax assessed value of the Property was $808,900.00, the Hawaiʻi Supreme Court has stated that "the price obtained at a foreclosure sale is often far below the fair market value of the property as a result of the forced nature of a foreclosure sale." HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 45, 464 P.3d 821, 833 (2020).

Further, the Tautuas hindered Commissioner Paet's ability to market the Property by refusing to allow open houses. See Ventures Tr. 2013-I-H-R by MCM Cap. Partners, LLC v. Laurin, 144 Hawaiʻi 432, 443 P.3d 124, Nos. CAAP-17-0000849 and CAAP-18-0000032, 2019 WL 2609134, at *4 (App. June 26, 2019) (SDO)

13

(explaining that the defendant "hindered the ability of the commissioner to market the property" by refusing to schedule open houses).  And the Property's condition was unclear, because the Tautuas did not allow the appraisers to inspect the interior.  Cf. id.

Considering the particular circumstances of this case — the Tautuas' refusal to comply with the 2015 Judgment, refusal to hold an open house, refusal to allow an inspection of the Property — and the forced nature of a foreclosure sale, we cannot say that the sale price subject to the mortgage and the SAE lien shocks the conscience.  See Hoge, 4 Haw. App. at 540, 670 P.2d at 40.

Thus, the circuit court did not abuse its discretion by confirming the foreclosure sale price.

## B.  Circuit Court Did Not Abuse Its Discretion by Awarding Attorneys' Fees and Costs

Next, the Tautuas challenge the circuit court's award of $67,280.34 in attorneys' fees and costs as unreasonable "given the amount that [the Association] sought to collect, which was only $11,508.21."[13]  Otherwise, the Tautuas do not challenge the billing or lodestar method.  In other words, the

---

[13]  The Tautuas appear to base the $11,508.21 figure on the amount the Association said it was owed in its motion to confirm the foreclosure sale. As mentioned above, the December 28, 2023 Order Confirming Foreclosure Sale indicated the amount the Tautuas owed was $11,498.21, a difference of ten dollars.

14

Tautuas appear to argue that it is inherently unreasonable to charge so much in attorneys' fees when the collection amount "was only $11,508.21."

We review the circuit court's award of attorneys' fees for an abuse of discretion. Chun v. Bd. of Trs. of Emps.' Ret. Sys., 106 Hawaiʻi 416, 431, 106 P.3d 339, 354 (2005) (citing Eastman v. McGowan, 86 Hawaiʻi 21, 27, 946 P.2d 1317, 1323 (1997)).

HRS § 421J-10 (2004) entitles planned community associations organized under HRS Chapter 421J to "[a]ll costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association" related to an enforcement action:

> **[§421J-10]  Attorneys' fees and expenses of enforcement.**  (a) All costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association for:
>
> > (1)  Collecting any delinquent assessments against any unit or the owner of any unit;
> >
> > (2)  Foreclosing any lien on any unit; or
> >
> > (3)  Enforcing any provision of the association documents or this chapter;
>
> against a member, occupant, tenant, employee of a member, or any other person who in any manner may use the property, shall be promptly paid on demand to the association by such person or persons; provided that if the association is not the prevailing party, all costs and expenses, including reasonable attorneys' fees, incurred by any such person or persons as a result of the action of the association, shall

15

> be promptly paid on demand to the person by the
> association.  The reasonableness of any attorney's fees
> paid by a person or by an association as a result of an
> action pursuant to paragraph (2) shall be determined by the
> court.

(Emphasis added.)  The statute tasks the court with determining the "reasonableness of any attorney's fees paid by a person . . . as a result of an action" to "[f]oreclos[e] any lien on any unit[.]"  HRS § 421J-10(a).

Based on noncompliance with the 2015 Judgment, the Association filed its foreclosure complaint in November 2020 to recover $18,949.96 in "outstanding association dues, late fees, repair reimbursement, attorneys' fees and costs, and other assessments."  By the end of the circuit court proceedings three years later in December 2023, the attorneys' fees and costs were $67,280.34.

The Tautuas do not claim any of the fees or costs were unreasonable beyond saying they exceed the "collection amount."  See Chun, 106 Hawaiʻi at 431, 106 P.3d at 354.  And we decline to find abuse based solely on the attorneys' fees and costs exceeding the "collection amount," as HRS § 421J-10 allows for "all" reasonable attorneys' fees.  See id.

16

Thus, the circuit court did not abuse its discretion by awarding attorneys' fees and costs.

### III. CONCLUSION

Based on the foregoing, we affirm the circuit court's December 28, 2023 Order Confirming Foreclosure Sale and Judgment.

DATED:  Honolulu, Hawaiʻi, June 18, 2026.

On the briefs:

Keith M. Kiuchi,
for
Defendants/Counterclaimants/
Cross-claim Defendants-
Appellants.

Michele-Lynn E. Luke,
Saori Takahashi,
(Kessner Umebayashi Bain &
Matsunaga),
Mark K. McKellar,
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge